**Charles M. ROSE, Appellant,**

v.

**ATLANTIC COAST LINE RAILROAD COMPANY, Appellee.**

No. 12301.

United States Court of Appeals Fourth Circuit.

Argued Oct. 31, 1968.

Decided Nov. 14, 1968.

Thomas J. Lewis, Jr., Atlanta, Ga. (Peter D. Hyman and E. Lee Morgan, Jr., Florence, S. C., on brief) for appellant.

Hugh L. Willcox, Florence, S. C. (Willcox, Hardee, Houck, Palmer & O'Farrell, Florence, S. C. on brief) for appellee.

Before BRYAN and WINTER, Circuit Judges, and McMILLAN, District Judge.

PER CURIAM:

On the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60, and the Safety Appliance Act, 45 U.S.C. § 11, flagman Charles M. Rose sought damages from his employer, the Atlantic Coast Line Railroad Company, for injuries he suffered in a fall from a coal car on February 4, 1965, while working in the Florence, South Carolina yards. At the time, he was endeavoring to release the hand brakes of the car.

Trying the case without a jury, the District Judge described the unhappy event as follows:

"2. In accordance with what he testified was his usual custom of releasing brakes from these cars he climbed on the lower rung of the ladder on the end of the car and reached up to release the brake without climbing up to the brake platform just below the brake wheel which was used to apply and release the hand brake. He attempted to disengage the hand brake by first turning the wheel clockwise from this position then releasing it, but the brake would not release. He then climbed up the ladder and stood on the brake platform in order that he could put more pressure on the brake wheel to release it. After he climbed onto the platform he was able to release the brake without any apparent difficulty. When he climbed up the car ladder to the brake platform, he saw or should have seen the snow and ice collected thereon.

"3. After releasing the brake he attempted to climb down from the platform by placing his feet on the third rung of the ladder or grab-iron from the top and catching the top grab-iron with his hands. At this time his gloves became 'messed up' with snow and ice which had accumulated on the lip or top rim of the car and the grab-irons, causing him to lose his grip and footing, and resulting in his falling backwards landing on a cross tie of an adjoining track in a sitting position."

The negligence imputed to the railroad under the FELA is its failure to inspect the car for snow or ice when it came into the yard. Just how long it had been there before the accident was not established at trial. Although at five o'clock in the morning when the employee fell, the temperature was below freezing, no snow or rain had fallen in Florence on that or the preceding several days. Morever, as to the efficiency of the hand brake, on a test immediately after the incident, it was found to operate properly as it had for the employee when he turned it while standing on the platform.

The District Court found against the plaintiff's charges of neglect of the defendant and gave the railroad judgment. These findings cannot be disregarded, for clearly they are not erroneous. F.R.Civ.P. 52(a). Indeed, they are well secured in the evidence. Hence the appeal cannot succeed.

Affirmed.